UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO CRUZ ROMERO, | Case No.: 26-CV-1666 JLS (SBC) |
| Petitioner, | **ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| WARDEN, Otay Mesa Detention Center, | |
| Respondent. | (ECF No. 1) |

Presently before the Court is Mario Cruz Romero's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court is Respondent's Return to Habeas Petition ("Ret.," ECF No. 13). Petitioner entered the United States in 2011 and alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center. Pet. at 2. Petitioner claims that he is entitled to release and a bond hearing. *Id.* at 7.

Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 25-CV-1873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D.

Cal. Nov. 25, 2025).[1]  Ret. at 2.  Respondent acknowledges that, while *Bautista* is stayed, "prior orders from this District direct[] bond hearings pursuant to 8 U.S.C. § 1226(a) in similar cases."  *Id.*  Respondent "therefore do[es] not oppose an Order requiring such a hearing for Petitioner."  *Id.*  Therefore, the Petition (ECF No. 1) is **GRANTED IN PART**.

**CONCLUSION**

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) and **ORDERS** the Government to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within fourteen (14) days, unless Petitioner, the non-citizen, requests a continuance.  Bond **SHALL NOT** be denied on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.  The non-citizen bears the burden of demonstrating, by a preponderance of the evidence, that they are not a danger to the community or a flight risk.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).  The Court **DENIES IN PART** the Petition to the extent that Petitioner requests to be released from custody.

The Parties **SHALL** file a status report informing the Court of the outcome of the hearing by June 9, 2026.  The Clerk **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  May 21, 2026

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

[1] On March 6, 2026, the Ninth Circuit granted an administrative stay of the *Bautista* decision "insofar as the district court's judgment extends beyond the Central District of California."  *Maldonado Bautista, et al. v. United States Department of Homeland Security, et al.*, No. 26-1044, ECF No. 5 (9th Cir. March 6, 2026).  Therefore, the Court resolves the Petition without reliance on *Maldonado Bautista*.

26-CV-1666 JLS (SBC)